## Registration for Sale of Federal Housing Administration Mortgages

BARCO, Deputy Attorney General, July 18, 1940.—We have your memorandum in which you ask us to advise you whether or not it is necessary for a brokerage or bonding company which, in addition to selling stocks and bonds, sells Federal Housing Administration mortgages to be licensed under the Real Estate Brokers License Act. You inform us that this company is registered or licensed under The Securities Act of April 13, 1927, P. L. 273, as amended by The Pennsylvania Securities Act of June 24, 1939, P. L. 748, sec. 6, 70 PS §36.

A study of The Pennsylvania Securities Act reveals that the chief requirements for registration under its provisions are that the applicant be of good repute and that his proposed plan of business be not unfair, unjust, or inequitable. In addition, the dealer is required to register for each calendar year as a dealer in securities.

The Real Estate Brokers License Act of May 1, 1929, P. L. 1216, sec. 6, as amended by the Act of June 26, 1931, P. L. 1410, sec. 1, and the Act of July 2, 1937, P. L. 2811, sec. 2, 63 PS §436, contains the following provision:

"From and after January 1, 1930, it shall be unlawful for any person, copartnership, association, or corporation to *engage in or carry on the business, or act in the ca-*

*pacity of a real estate broker, or a real estate salesman, within this Commonwealth, without first obtaining a license as a real estate broker or real estate salesman from the department.*

"*No person, copartnership, association, or corporation may be licensed* by the department as a real estate broker unless such person and all of the members of any such copartnership or association who are actively engaged in the real estate business and all of the officers of any such corporation who are actively engaged are of the age of twenty-one years and upwards, are citizens of the United States, and shall have served an apprenticeship, as a duly licensed real estate salesman, of not less than two years, in the employ of a duly licensed real estate broker or brokers." (Italics supplied.)

Under this provision it is illegal for any person, copartnership, association, or corporation to engage in the real estate business without first procuring a license therefor. In order to procure such a license, it is necessary for the applicant to have served an apprenticeship and pass a State examination.

It is evident that the purpose of this act is to require that the person who desires to be licensed under the Real Estate Brokers License Act be better qualified. This naturally inures to the benefit of the public which he may serve.

It is obvious that before we can answer your question we must first decide whether or not the sale of F. H. A. mortgages constitutes a transaction within the provisions of the Real Estate Brokers License Act.

Section 2(a) of the Real Estate Brokers License Act of 1929, supra, as amended by the Act of 1937, supra, sec. 1, 63 PS §432, states inter alia:

"One act in consideration of compensation, by fee, commission or otherwise, of buying, selling, renting or exchanging any such real estate of or for another, or attempting or offering so to do, *or negotiating a loan upon* or leasing or renting or placing for rent *any such real*

*estate,* or collection of rent therefrom, *shall constitute prima facie evidence* that the person, copartnership, association, or corporation, so acting or attempting to act, is a real estate broker within the meaning of this act. The term 'real estate broker' shall also include . . . *all persons who negotiate or offer for sale any mortgage or other security for which real estate is the collateral . . ."* (Italics supplied.)

From the clear context of this language, in our opinion, it will be necessary for a company which sells F. H. A. mortgages to obtain a real estate broker's license, since it is dealing in securities for which real estate is the ·collateral. To hold otherwise would allow such a company to engage in the real estate business when its members have not qualified as they are required by the Real Estate Brokers License Act.

The Act of June 27, 1934, 48 Stat. at L. 1246, 12 U. S. C. §1702 et seq., which is commonly known as the National Housing Act, provides for the lending of money, in the form of F. H. A. mortgages, at a lower rate of interest than generally prevails throughout this Commonwealth and the Nation, to individuals who qualify. This low rate of interest makes for a substantial saving to the borrower, and naturally has resulted in many individuals having applied for and secured F. H. A. mortgages to take care of their individual needs.

It is to be noted that the beneficent purposes of the National Housing Act are at the most but a very incidental consideration so far as the brokerage or bonding company is concerned, whose chief concern naturally is in realizing the most profit it can in consummating the various transactions of this nature. Therefore, we are not concerned with the activity of a governmental agency in our case, but rather with the activity of a copartnership, association, or corporation carrying on its private business, including that of a real estate

700

broker, within the provisions of the Real Estate Brokers License Act.

We are, therefore, of the opinion, and you are accordingly advised, that where a brokerage or bonding company, which is registered under the provisions of The Pennsylvania Securities Act, is, among its other business activities, engaged in the selling of F. H. A. mortgages, it must secure a license as a real estate broker under the provisions of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended by the Act of July 2, 1937, P. L. 2811.